UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CASANDRA M. V.,

                                      Plaintiff,

v.                                                                                                             1:23-cv-0620
                                                                                                            (GTS/TWD)

MARTIN J. O'MALLEY, Commissioner of Social Security,

                                      Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

HILLER COMERFORD INJRUY & DISABILITY LAW    JUSTIN M. GOLDSTEIN, ESQ.
6000 North Bailey Avenue - Suite 1a
Amherst, NY 14226
Counsel for Plaintiff

SOCIAL SECURITY ADMINISTRATION               VERNON NORWOOD, ESQ.
OFFICE OF THE GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235
Counsel for Defendant

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**REPORT-RECOMMENDATION**</u>

**I.     INTRODUCTION**

      Casandra M. V. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for benefits.  Dkt. No. 1.  Plaintiff did not consent to the jurisdiction of a Magistrate Judge.  Dkt. No. 4.  The matter was referred to the undersigned for a

report and recommendation by the Hon. Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).

Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure Rule 12(c), in accordance with General Order 18. Dkt. Nos. 11, 15, 16. For the reasons set forth below, the Court recommends Plaintiff's motion for judgment on the pleadings be granted, Defendant's motion be denied, and the decision of the Commissioner be reversed and remanded.

## II.  BACKGROUND

Plaintiff was born on June 23, 1971, was 47 years old at her alleged onset date of disability, and 49 years old at the time of her application for benefits. *See* T. 173, 54-55.[1] She has an eleventh grade education, and previously worked as a fitting room attendant and retail cashier. *See id*. at 37-38.

On March 11, 2021, Plaintiff protectively filed an application for benefits. *Id*. at 55. She alleged disability beginning on June 9, 2019, due to: "diabet[es]; depression; anxiety; high blood pressure; arthritis; plantar fasciitis; degenerative osteoarthritis in spine; tendinitis; heart palpitations; [and] lumbar radiculopathy." *Id*. Her applications were initially denied on July 15, 2021, *id*. at 63, and again upon reconsideration on September 23, 2021, *id*. at 64.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. at 104-05. On January 4, 2022, she appeared before ALJ Dale Black-Pennington via teleconference. *See id*. at 28-53. On February 8, 2022, the ALJ issued a written decision finding Plaintiff was not

---

[1] The Administrative Record/Transcript is found at Dkt. No. 8. Citations to the Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Citations to the parties' submissions will use page numbers assigned by CM/ECF, the Court's electronic filing system.

disabled under the Social Security Act ("SSA") through September 30, 2020, the date last insured. *See id*. at 10-18. The ALJ's decision became the final decision of the Commissioner when the Appeals Counsel denied Plaintiff's request for review on March 31, 2023. *Id*. at 1. Plaintiff timely commenced this action on May 23, 2023. *See generally*, Dkt. No. 1.

### III.   LEGAL STANDARDS

#### A.  Standard of Review [2]

In reviewing a final decision of the Commissioner, a court must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013). "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). Therefore, a reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986-87 (2d Cir. 1987).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks and citation omitted). If the ALJ's finding as to any fact is

---

[2] While the Supplemental Security Income program has special economic eligibility requirements, the requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, therefore, "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). Further, where evidence is deemed susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)) (additional citation omitted). If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford* 685 F.2d at 62) (additional citations omitted). A reviewing court cannot substitute its interpretation of the administrative record in place of the Commissioner's if the record contains substantial support for the ALJ's decision. *See Rutherford*, 685 F.2d at 62.

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d, 34, 39 (2d Cir. 1996). Remand may also be appropriate where the ALJ has failed to develop the record, adequately appraise the weight or persuasive value of witness testimony, or explain his reasonings. *See Klemens v. Berryhill*, 703 F. App'x 35, 35-38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008); *Pratts*, 94 F.3d at 39.

## B. Standard for Benefits

To be considered disabled, a plaintiff seeking disability benefits must establish she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Additionally, the claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess*, 537 F.3d at 120; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v)). The claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working. *Id*.

## IV.   THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process promulgated by the Commissioner for adjudicating disability claims. *See generally*, T. 10-18. At step one, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2020, and had not engaged in substantial gainful activity since the alleged onset date, June 9, 2019. *Id*. at 12. Proceeding to step two, the ALJ determined Plaintiff "had the following severe impairments: diabetes mellitus type II with polyneuropathy and osteoarthritis." *Id*. at 13.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. at 14. The ALJ next determined Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain additional limitations, specifically:

> [Plaintiff] could lift and/or carry 20lbs occasionally and 10lbs frequently; she could stand and/or walk for 6 hours of an 8-hour workday in about 20 minute intervals; she could sit for 6 hours of an 8-hour workday; she was able to frequently climb stairs and ramps; and she was able to frequently stoop, kneel, and crawl.

*Id*. at 14-15. At step four, the ALJ found Plaintiff had no past relevant work. *Id*. at 17. At step five, the ALJ determined, based on her age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy the Plaintiff could perform. *Id*. Accordingly, the ALJ concluded Plaintiff was not disabled. *Id*. at 18.

## V.   DISCUSSION

Plaintiff argues the ALJ "failed to evaluate Plaintiff's subjective allegations and the residual functional capacity assessment pursuant to the appropriate legal standards" and "inappropriately relied upon an insufficient record and failed to identify substantial evidence

6

supporting the findings." *See* Dkt. No. 11 at 11; *see also*, Dkt. No. 11 at 12-25, Dkt. No. 16 at 1-10. Defendant contends the ALJ's RFC determination and evaluation of Plaintiff's subjective complaints are supported by substantial evidence and the ALJ fully developed the record. *See* Dkt. No. 15 at 13-26.

In concluding Plaintiff was not disabled, the ALJ determined she retained the RFC to perform a range of light work, finding she could: lift and/or carry "20lbs occasionally" and "10lbs frequently;" climb stairs and ramps "frequently;" stoop, kneel, and crawl "frequently;" and, in an "8-hour workday," she could "stand and/or walk for 6 hours in about 20 minute intervals" and "sit for 6 hours . . . ." T. 14-15. In support of this conclusion, the ALJ referenced Plaintiff's "conservative course of treatment," which "effectively controlled" her impairments, and "high functioning activities of daily living," including "engagement in work activities . . . on a part-time basis . . . ." *Id*. at 16. As the ALJ acknowledged, however, there was "no medical opinion evidence in the record that pertains to the relevant period," and both state agency medical consultants found "insufficient evidence . . . to assess any function-by-function limitations . . . ." *Id*. at 17; *see also id*. at 59 (Dr. Auerbach, the "[o]verall available [medical evidence was] insufficient to adequately assess impact on function as of the [date last insured]."), 71 (Dr. Waldman, "there continues to be [insufficient evidence] to develop an RFC for the adjudicative period.").

As the Commissioner points out, the Second Circuit has upheld ALJ's RFC determinations despite the lack of a supporting medical source opinion. *See generally*, Dkt. No. 15 at 17-18, 23-24 (citations omitted). Further, this Court has recognized that in some circumstances, "it is proper for an ALJ to make an RFC determination without a functional assessment from an acceptable medical source . . . . These include (a) where the medical

7

evidence shows relatively little physical impairment, and (b) where the record contains sufficient evidence from which an ALJ can assess the RFC." *Thomas M. N. v. Comm'r of Soc. Sec.*, No. 5:19-CV-0360 (GTS), 2020 WL 3286525, at *4 (N.D.N.Y. June 18, 2020) (citing *Penny Ann W. v. Berryhill*, No. 5:17-CV-1122 (DJS), 2018 WL 6674291, at *4 (N.D.N.Y. Dec. 19, 2018)) (internal quotations omitted); *see also*, *e.g.*, *Brown v. Astrue*, No. 3:12-CV-243 (GLS), 2013 WL 310292, at *3 (N.D.N.Y. Jan. 25, 2013) ("where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment[.]") (internal quotations and citations omitted).

Here, however, the ALJ determined Plaintiff's diabetes with neuropathy and osteoarthritis were severe impairments and did not explain how the record medical evidence supported Plaintiff's abilities to perform the aforementioned range of light work. *See* T. 13-17. Therefore, the undersigned is unable to conclude the ALJ's RFC determination is supported by substantial evidence. *See*, *e.g.*, *Charland v. Comm'r of Soc. Sec.*, No. 1:13-CV-0492 (GTS/WBC), 2016 WL 1117515, at *2 (N.D.N.Y. Mar. 22, 2016) ("[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment . . . . However, that is not the case in the present matter because the ALJ determined that Plaintiff's lumbar spine impairments and obesity were severe impairments.") (internal quotations and citation omitted); *Donnette H. v. Saul*, No. 3:19-CV-0755 (DEP), 2020 WL 5051570, at *5-6 (N.D.N.Y. Aug. 27, 2020) (acknowledging that, "where medical evidence shows relatively little physical impairment, an ALJ can permissively render a common sense judgment about functional capacity even without a physician's assessment" but, doing so would not be proper where "the ALJ recognized plaintiff's degenerative disc disease at multiple levels and fibromyalgia as severe at step two.")

8

(citation omitted); *Foltyniak v. Comm'r of Soc. Sec.*, No. 1:19-CV-0468, 2020 WL 5814361, at *3 (W.D.N.Y. Sept. 30, 2020) (explaining, "[the plaintiff]'s impairments are not so simple and straightforward as to be susceptible to lay judgment" where "[t]he ALJ herself recognized that [plaintiff] has several severe physical impairments . . . .") (citations omitted); *see also*, *e.g.*, *Michael J. L. v. O'Malley*, No. 1:23-CV-0315 (GTS/DJS), 2024 WL 3738069, at *3 (N.D.N.Y. Aug. 9, 2024) (remanding ALJ's decision noting, "[a]lthough the Commissioner is correct that an ALJ need not rely on a medical opinion in every case when formulating the RFC finding, such principle depends on the ALJ otherwise building a logical bridge between the available medical evidence and his or her conclusion; he has not done so here."); *Hart v. Comm'r of Soc. Sec.*, No. 7:21-CV-3104, 2023 WL 2873247, at *8 (S.D.N.Y. Feb. 16, 2023) ("[T]he failure to obtain any viable functional assessment or medical opinion from any treating source or non-treating examiner with access to Plaintiff's complete records regarding her physical impairments cannot be overcome by reference to the record as a whole" where "the ALJ found that Plaintiff had multiple severe physical and mental impairments" and "none of the medical records considered by the ALJ contain any assessment of Plaintiff's functional limitations that may have served as a basis for the ALJ's RFC."), *report and recommendation adopted*, 2023 WL 2424129 (S.D.N.Y. Mar. 9, 2023).

While the ALJ referenced Plaintiff's "own statements of high functioning activities of daily living during the relevant period," T. 16 (citing T. 440, Plaintiff reported engaging in "light activity," such as walking, gardening, and vacuuming, for "30 minutes at a time" every day, 415, Plaintiff "does report that she has been walking on the bike trail with her grandchildren."), and courts have deemed engaging in such activities to be consistent with the ability to perform light work, *see*, *e.g.*, *Barnaby v. Berryhill*, 773 F. App'x 642, 643 (2d Cir. 2019) (Summary Order)

("[T]he ALJ's finding that Barnaby could perform light work was supported by substantial evidence, including Barnaby's own testimony that he could do laundry, mow with a riding lawnmower, walk, drive a vehicle, shop in stores, and visit with others."); *Ortiz v. Saul*, No. 1:19-CV-0942, 2020 WL 1150213, at *7 (S.D.N.Y. Mar. 10, 2020) ("Plaintiff's ability to perform a range of light household chores, including cooking, shopping, cleaning, and laundry . . . [and] use public transportation without assistance . . . . support a light work RFC finding."), the ALJ's decision provided no logical connection between these activities and Plaintiff's ability to perform the exertional functions included in the opined RFC. *See, e.g.*, *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362 (AMN/CFH), 2023 WL 2838054, at *11 (N.D.N.Y. Feb. 23, 2023) ("[A]n ALJ is entitled to consider a plaintiff's activities of daily living; however, there must be a logical connection between the purported activities and the ALJ's RFC discussion and determination.") (citing *Perozzi v. Berryhill*, 287 F. Supp. 3d 471, 492 (S.D.N.Y. 2018)), *report and recommendation adopted*, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023). For example, the ALJ determined Plaintiff could "stand and/or walk for 6 hours of an 8-hour workday in 20 minute intervals" and "sit for 6 hours of an 8-hour workday," T. 14-15, yet none of Plaintiff's own statements support her ability to do so for such a duration. *See, e.g.*, *Donald G. V. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1550, 2022 WL 3209585, at *6 (W.D.N.Y. Aug. 9, 2022) (remanding the Commissioner's final decision where the ALJ "relied upon plaintiff's 'acknowledged daily activities' to support his RFC. However, none of the activities listed in plaintiff's medical records, or those to which he testified, support [the] ALJ's conclusion that plaintiff can perform work-related activities on a full-time basis."); *see also*, *e.g.*, *Gary F. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6735, 2022 WL 16540354, at *5 (W.D.N.Y. Oct. 28, 2022) ("[W]hen the record provides no support for the specific amount of time that a claimant can

walk, sit, or stand without relief, a specific finding toward that end is not supported by substantial evidence.") (collecting cases).  Similarly, while the ALJ noted "repeated reference[s] to the claimant's engagement in work activities" after her alleged onset date, T. 16, and Plaintiff "did receive substantial unemployment insurance benefits in Q2 2020 and Q3 2020, . . . which would have required [her] to repeatedly affirm that she was willing and capable of full-time work," T. 12, the undersigned is unable to glean from the ALJ's decision how such conduct supports the ALJ's determination that she could, for example, "frequently climb stairs and ramps," T. 15.

"Moreover, although conservative treatment may be a proper consideration for determining the extent of a plaintiff's pain or limitations, the ALJ failed to explain why Plaintiff's treatment in this instance supports a finding of *light work* specifically."  *Michael J. L.*, 2024 WL 3738069, at *3 (emphasis in original).  Here, the ALJ stated Plaintiff's knee "pain symptoms were effectively addressed with steroid in[j]ections," elbow pain "was addressed with a routine epicondylectomy that was performed without complication," and diabetic neuropathy symptoms "were addressed with home exercises, diabetic shoe inserts, and prescription medication . . . ."  T. 16.  However, it is unclear how the aforementioned treatments support the ALJ's ultimate RFC determination.  "This lack of a specific and clear explanation regarding why the medical findings support the ALJ's conclusion is especially problematic where, as here, there is no opinion regarding Plaintiff's functional abilities from any medical source."  *Michael J. L.*, 2024 WL 3738069, at *4.

In the Defendant's brief, the Commissioner cites to various treating sources' notes that Plaintiff's "left elbow x-rays were negative," "right knee MRI showed mere degeneration of the medial meniscus," "left knee MRI revealed a mild sprain of the posterior cruciate ligament and a

11

mild muscle strain, degenerative in nature," "echocardiogram showed a normal left ventricular size and systolic function," "30-day Holter monitor and . . . EKG each revealed a normal heart rate," "stress test results were unremarkable," "lumbar spine x-rays were negative," "left wrist x-rays were unremarkable," "EKG revealed a normal sinus rhythm," "x-rays of . . . hands were unremarkable, and x-rays of . . . thoracic spine revealed only mild spondylosis," Dkt. No. 15 at 14-15 (citations omitted), as supporting the ALJ's determination that Plaintiff retained the RFC to perform a range of light work. However, as Plaintiff points out, *see* Dkt. No. 11 at 14-15, the ALJ did not reference these diagnostic imaging and testing results in his decision. Indeed, it would have been improper for the ALJ to interpret such raw medical data into functional terms. *See Michael J. L.*, 2024 WL 3738069, at *3 ("Although the MRI findings may perhaps be properly used by the ALJ to show consistency with other evidence, in the absence of any tangible explanation as to how the other evidence supports a finding of a full range of light work, those MRI findings cannot themselves provide the basis for the ALJ's conclusion."); *Hazlewood v. Comm'r of Soc. Sec.*, No. 6:12-CV-0798 (DNH/ATB), 2013 WL 4039419, at *5 (N.D.N.Y. Aug. 6, 2013) (explaining, an ALJ "is not qualified to assess a plaintiff's RFC on the basis of bare medical findings, and where the medical findings in the record merely diagnose a plaintiff's impairments and do not relate those diagnoses to a specific RFC, an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (internal quotations and citations omitted).

       Finally, while the Commissioner correctly emphasizes it was Plaintiff's burden to prove she was disabled during the relevant period, *see*, *e.g.*, *Iris R. v. Saul*, No. 1:19-CV-1165 (MAD), 2020 WL 2475824, at *10 (N.D.N.Y. May 13, 2020) (collecting cases in support of the proposition that the claimant bears the burden of proving her limitations), ultimately, "the ALJ

still must sufficiently explain the basis for th[e RFC] determination." *Michael J. L.*, 2024 WL 3738069, at *4 (citations omitted). Therefore, the ALJ's reliance on Plaintiff's activities of daily living, engagement in work activities on a part-time basis, and conservative course of treatment to demonstrate Plaintiff's ability to perform a range of light work, "*without providing any logical explanation as to why that is* . . . . is simply not enough to allow the Court to find that the ALJ's conclusion is supported by substantial evidence." *Id*. (emphasis added). Accordingly, the Court recommends the Commissioner's decision be reversed and remanded for further administrative proceedings.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) be **GRANTED**; and it is further

**RECOMMENDED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) be **DENIED**; and it is further

**RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 27, 2024
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge